Opinion by
Jacobs, J.,
On September 22, 1960, the appellant was convicted before the Honorable Theodore L. Beimel on bill of indictment No. 397 June Sessions, 1960, charging rape, as well as on nine other bills, charging rape, attempted rape, aggravated robbery, burglary, larceny and receiving stolen goods. On October 27, 1960, Judge Beimel imposed a sentence of from one day to life under the Barr-Walker Act[1] on Bill No. 397 and suspended sentence on all other bills.[2]
On June 28, 1967, Judge Beimel granted the petition filed by the appellant under the Post Conviction Hearing Act attacking the Barr-Walker sentence, vacated the sentence of October 27, 1960, and imposed a sentence of seven to fifteen years on No. 397 June Sessions, 1960. At the same time he imposed the following sentences on bills on which sentence had been suspended in 1960: On No. 398 June Sessions, 1960, one to fifteen years, to follow at the expiration of the sentence on Bill 397; on No. 1115 August Sessions, 1960, one to ten years to follow at the expiration of sentence on No. 398; on No. 1116 August Sessions, 1960, one to ten years to follow at the expiration of sentence on No. 1115. At this sentencing, appellant’s counsel unsuccessfully objected to the imposition of sentence on those bills on which sentence had been suspended in 1960. This appeal is taken from the judgments of sentence imposed on those three bills on June 28, 1967.
We are of the opinion that this case is controlled by Commonwealth v. Hoffman, 210 Pa. Superior Ct. 48, 232 A. 2d 19 (1967), allocatur denied, 210 Pa. Superior *94 Ct. xxxv,[3] in which Judge Weight, speaking for a unanimous court, stated at p. 52, “we adhere to the view that, where a sentence has been indefinitely suspended on an indictment for a criminal offense, the trial judge may not, unless within the same term of court, vacate the suspension and impose sentence thereafter.” Thus, the sentences imposed on June 28, 1967 on Bills Nos. 398, 1115 and 1116, all of which had been suspended in 1960, were improper.
Judgments of sentence reversed.

 Act of January 8, 1952, P. L. (1951) 1851, 19 P.S. §1166 et seq.

 Appearing on each of these bills, above Judge Beimel’s signature, is the following: “Sentence suspended
Sentence on Bill No. 397 June, 60”

 In Hoffman, the sentence was suspended as follows: “sentence suspended by reason of sentence imposed on No. 47, June sessions, 1953.”