Opinion by
Jacobs, J.,
In December, 1963, Bennett was tried before Hon. Bykon A. Milner, sitting without a jury, on six bills of indictment, Nos. 518 through 523 January Sessions, 1963. On 518 he was found guilty of solicitation to commit sodomy; on 519 he was found guilty of corrupting the morals of a minor child; on 520 he was found guilty of sodomy; on 521 he was found guilty of statutory rape; on 522 he was found guilty of assault and battery and indecent assault; and on 523 he was found guilty of assault and battery and assault and battery with intent to ravish. On December 12, 1963, Judge Milner sentenced Bennett to not less than 3y2 years nor more than 7 years to date from November 18, 1963, on bill 520, the sodomy charge. He imposed the same sentence on bill 521, the statutory rape charge, to be served concurrently with the sentence on bill 520. On all other bills he suspended sentence indefinitely.
Late in 1965, Bennett filed a petition for writ of habeas corpus. That petition was dismissed below, but on March 21, 1966 this court remanded the case for a hearing. Based upon the evidence presented at the hearing Judge Beimel found that Bennett “did not intelligently waive his right to appeal with the aid of counsel.” On June 1, 1966 Bennett was granted the right to a timely appeal from the 1963 judgments of sentence. The Public Defender’s office was appointed to represent Bennett and filed a “motion in arrest of judgment or for a new trial.” Then, upon agreement between the defender and the district attorney, the sentences on bills 520 and 521 were vacated by Judge Smith pending disposition of post-trial motions.
*396 On September 21, 1967, the following events took place: A hearing on the post-trial motion was held before Hon. Charles A. Waters, Jr. and Bennett was present and represented by counsel. After tracing the procedural history of the case, Bennett’s counsel and the district attorney noted several facts which militated for an agreeable solution of the problem: (1) Bennett had then already served 3 years, 10 months, 4 months over his minimum sentence; (2) his grounds for post-trial relief were of dubious merit; (3) he was under a sentence of 21-42 years, for a subsequent unrelated offense which he had not yet begun to serve. His counsel proposed that Bennett withdraw his post-trial motion and be resentenced on his 1963 conviction to 46 months, the time he had already served. Bennett could then immediately begin serving his later sentence. When asked if he consented, Bennett said, “Not altogether I don’t.” He said he did not mind being found guilty and sentenced on the other bills, but that he objected to sentence on 520 and 521, because he was innocent of sodomy and rape. Thereupon counsel withdrew the motion for a new trial and in arrest of judgment. Judge Waters vacated the suspended sentences imposed in 1963 on bills Nos. 518, 519, 522 and 523 and sentenced the appellant to a maximum of 46 months by two sentences, one on bill 519 and the other on bill 522. At the same time sentence was suspended indefinitely on bills 518, 520, 521 and 523.
Bennett filed timely appeals with us from judgment of sentence of the Court of Quarter Sessions of Philadelphia County on every indictment. He raises three points, the first two of which were raised at the hearing below: (1) He alleges that trial counsel was ineffective; (2) that the court refused to grant a continuance so he could procure defense witnesses; (3) *397 that the new sentences (46 months) could not be imposed upon bills on which sentence was suspended in 1963.
The appellant’s objection that the new sentences could not be imposed on the bills which had been suspended in 1963 is well taken. In Commonwealth v. Duff, 414 Pa. 471, 200 A. 2d 773 (1964), it was held that an indefinite suspension of sentence is improper. Following that decision we held in Commonwealth v. Hoffman, 210 Pa. Superior Ct. 48, 52, 232 A. 2d 19, 20 (1967), that “where a sentence has been indefinitely suspended on an indictment for a criminal offense, the trial judge may not, unless within the same term of court, vacate the suspension and impose sentence thereafter.” See also Commonwealth v. Robinson, 212 Pa. Superior Ct. 92, 239 A. 2d 833 (1968). Therefore, the September 21, 1967 sentence of 46 months imposed on bills 519 and 522 was improper and must be set aside.
On September 21, 1967, Judge Watebs suspended sentence indefinitely on bills 520 and 521, on which sentence had been imposed in 1963. As pointed out in Commonwealth v. Duff, supra, such action has no sound basis in law. The appellant has appealed from these! suspended sentences as well as from the sentences imposed on bills 519 and 522, and we will' set them aside.
The Commonwealth has moved to quash the appeal because the appellant’s post-trial motion was withdrawn at the time the invalid sentences were imposed. Implicit in the Commonwealth’s motion to quash is the assumption that withdrawal of the post-trial motion effectively precludes our consideration of all the issues raised in this appeal. That assumption must fail in this case for two reasons: (1) The invalid sentence was not imposed until after the post-trial motion had been withdrawn. Obviously the appellant could not have *398 raised the sentencing question in his motion and appeal would be the appropriate remedy. See Commonwealth v. Duff, supra. (2) We do not feel that it would be fair or accurate to find on the present record that Bennett has effectively withdrawn his post-trial motion. Bennett’s consent to the proposed withdrawal and resentencing was never clearly shown. He did not agree to be sentenced on bills 520 and 521, the only bills on which the court had power to sentence him. It is apparent that everybody understood that he would be resentenced on the other bills. As discussed above, the lower court was without power to resentence on those bills. Under those circumstances, Bennett should not be held to his withdrawal and we will reinstate the motion. We will not consider the issues raised in that motion until the lower court has passed on them. See Commonwealth v. Blum, 210 Pa. Superior Ct. 529, 535, 233 A. 2d 613, 616 (1967).
The motion to quash is refused, the sentences imposed on bills 519 and 522 are vacated, the suspended sentences imposed on bills 520 and 521 are vacated, the motion for a new trial and in arrest of judgment is reinstated and the case is remanded to the lower court to pass upon such motion after again appointing counsel for the appellant. Should appellant’s motion be refused or again withdrawn he may be sentenced on bills Nos. 520 and 521.