**UNITED STATES of America ex rel. Donald KENT, Appellant,**

v.

**James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pa.**

**No. 18079.**

United States Court of Appeals, Third Circuit.

Submitted on Briefs Jan. 5, 1970.

Decided Dec. 23, 1970.

Donald Kent, pro se.

Arlen Specter, Dist. Atty., Philadelphia, Pa. (James D. Crawford, Asst. Dist. Atty., Chief, Appeals Division, Richard A. Sprague, First Asst. Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, ALDISERT and STAHL,* Circuit Judges.

## OPINION OF THE COURT

BIGGS, Circuit Judge.

The relator-appellant Kent was tried by the Commonwealth of Pennsylvania by a jury and was convicted of aggravated robbery and rape. He was sentenced on January 17, 1962. He took no appeal but filed a petition for a writ of habeas corpus in the Court of Common Pleas of Philadelphia County. His petition was denied without a hearing. The judgment of the Court of Common Pleas was affirmed by the Superior Court of Pennsylvania, Commonwealth ex rel. Kent v. Maroney, 206 Pa.Super. 734, 213 A.2d 408 (1965). Kent did not appeal to the Supreme Court of Pennsylvania. The period in which an appeal could be taken had expired at the time of his application for habeas corpus to the United States District Court for the Western District of Pennsylvania. That court decided that Kent's application should be tried by the United States District Court for the Eastern District of Pennsylvania and consequently transferred it. The United States District Court for the Eastern District of Pennsylvania denied the writ. We granted Kent a certificate of probable cause and the case was submitted, without oral argument, for our determination.

The operative facts can be set forth briefly. Since Kent was convicted we take the evidence most favorable to the Commonwealth, accurately set out in the opinion of the District Court [1] as follows: "[T]he facts of the case are as follows: The victim [Lucy Walls] was acting as landlady or business agent for a 32-unit apartment building on Ridge Avenue [in Philadelphia]. One evening the relator [Kent] appeared, ostensibly for the purpose of renting an apartment. He was then shown several apartments and ultimately agreed to lease one for $15.00 per week. The victim then took him back to her apartment and made out a rent receipt indicating $5.00 deposit. The relator then signed the receipt 'Richard Smalls.' As the victim was annotating her records, the relator then placed a knife at her throat, and demanded that she turn over all the money. After she complied, he forced her to disrobe, placed her on the bed and then raped her. After completing this act, he departed. She immediately called the police who arrived a short time thereafter. The investigating detective testified that when he arrived at the victim's apartment, 'She was in a state of agitation.'

"The relator freely admitted having intercourse with her. However, he asserts that she freely submitted to him, in exchange for some money. The relator contends that while they were so engaged, she demanded more money, which he refused. The 'price' according to the relator, was $10.00, in addition to the $5.00 rent deposit. Afterwards, he took the entire $15.00 back from her. The reason he signed the name 'Richard Smalls' was apparently to conceal the fact that he was on parole."

It is clear that if the Commonwealth's evidence was believed by the jury, as it apparently was, Kent was guilty as charged of both rape and robbery. In fact Kent admitted robbery in his testimony at trial. This fact, however, does not aid us in view of the confusion in the record.

---

* Judge Stahl heard the argument and participated in the consideration of the appeal but not in the decision, which occurred after his death.

1. The District Court's opinion was not reported for publication.

## I. Adequacy of Legal Representation

Kent's primary contention is that he was not adequately or competently represented by counsel from the Public Defender's Office of Philadelphia. In this connection he asserts first that he was not informed or notified of his right to appeal. The Commonwealth does not contend that he was so notified and there is nothing in the record to contradict his statement. This matter was not directly discussed in the opinion of the District Court.

Kent also alleges that his trial counsel did not examine the facts of his case or prepare for trial until the day of trial. The appellee asserts, on the other hand, that an appearance had been entered for Kent by the Public Defender some months before the trial. There is, however, an hiatus in the proof. The fact that an appearance was entered by the Public Defender some months before the trial does not demonstrate that there was serious preparation for trial on the date of the filing of an appearance or at any time thereafter. Kent asserts as additional proof of inadequate representation that though Walls was examined at a Philadelphia hospital immediately following the alleged rape neither the Commonwealth nor Kent's own counsel offered the hospital report in evidence and he insists that the report should have been put in the record. We do not have the hospital report before us and nothing in the record informs us as to its contents. There may indeed be various reasons why it was not offered by either party but surmise cannot take the place of proof.

 In United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3 Cir. 1968), this court adopted the doctrine that an untimely appointment of counsel will create a presumption that the defendant was prejudiced and shift to the State the burden of showing the contrary. In Moore v. United States of America, 432 F.2d 730 (3 Cir., 1970, Ct. *en banc*), this court stated: "We * * * overrule *Mathis* to the extent it adopted the presumption doctrine." In *Moore*, it was also said: "The adequacy of the representation which petitioner [relator] received, which is the real issue in this case, can only be decided upon an evaluation of the services rendered on his behalf," and further, "Whether an indigent is represented by an individual or by an institution, he is entitled to legal services of the same level of competency as that generally afforded at the bar to fee-paying clients. In both cases, therefore, the standard of adequacy of legal services as in other professions is the exercise of the customary skill and knowledge which normally prevails at the time and place." [Footnotes omitted.] An examination of the record in the instant case demonstrates a similarity to the circumstances of *Moore* and leads us to the conclusion that the standard set by *Moore* should be applied here. It follows that the case must be remanded to the District Court to determine whether that standard was complied with by Kent's counsel in the State trial court.[2]

2. The issue of the competency of Kent's counsel at his state trial was brought before the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania ex rel. Donald Kent v. James F. Maroney, Superintendent, No. 5231, at its March Term, 1965. In denying relief to Kent, Judge Reimel's "Memorandum Opinion" states: "The record discloses that the relator was ably represented at his trial by the Voluntary Defender." Judge Reimel's decision was appealed to the Superior Court of Pennsylvania and the judgment below was affirmed *per curiam*, No. 578, October Term 1965, 206 Pa.Super. 734, 213 A. 2d 408 (1965). It does not appear whether Judge Reimel conducted a hearing or disposed of the case on the record of the trial. There was no appeal to the Supreme Court of Pennsylvania insofar as we can ascertain. We think nonetheless that Kent should be treated as if he had exhausted his state remedies. He was sentenced on January 17, 1962 and his petition for habeas corpus was filed to the Court of Common Pleas on May 10, 1965. While his petition for habeas corpus was first filed in the United States District Court for the Western District of Pennsylvania on February 7, 1966, his appeal was submitted to this

We bear in mind that the case at bar differs from *Moore* in that Kent seeks relief by way of habeas corpus from a state court judgment, while in *Moore* the post-conviction proceedings were had after the defendant had been convicted under a federal bank robbery statute. See 28 U.S.C. Section 2255. But there is useful dictum in *Moore* which we feel should be applied here, as follows: "While a distinction might be attempted between attacks on state convictions under the Fourteenth Amendment and those on federal convictions under the Sixth Amendment, we believe the increased recognition of the constitutional right to the assistance of counsel requires that the standard which prevails in federal cases under the Sixth Amendment should be applied equally to state convictions, to which the same guarantee is made applicable by the Fourteenth Amendment under Gideon v. Wainwright [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799]. The standard of normal competency [footnote omitted] applies equally in each case. This standard also makes it clear that the ultimate issue is not whether a defendant was prejudiced by his counsel's act or omission, but whether counsel's performance was at the level of normal competency. That the client was prejudiced by a failure in performance is of course evidentiary on the issue." [3]

### II. Duplicitous Counts and Indictments

█ Kent also asserts that he was illegally convicted and sentenced on duplicitous indictments and duplicitous counts of indictment. Kent was indicted on October 19, 1961 by a grand jury of the Court of Oyer and Terminer of Philadelphia on indictment No. 1259 alleging that Kent (Count 1) being armed with an offensive weapon feloniously assaulted Lucy Walls with intent to rob her, and (Count 2) with an offensive weapon did rob Walls of $11, and (Count 3) did rob Walls of $11 and immediately after such robbery, beat and did violence to Walls. On this indictment Kent was sentenced to prison for a term of not less than three years nor more than six years, to begin with the expiration of the sentence imposed on indictment No. 1261, referred to hereinafter. But it does not appear from the record as to the count or counts on which these sentences were imposed.

A second indictment, No. 1260, was handed down also on October 19, 1961, charging Kent (Count 1) with assaulting Walls and committing battery upon her and (Count 2) with making an indecent assault upon Walls. Kent was found guilty upon this indictment also. But it does not appear from the record upon what counts of this indictment the jury returned a verdict or verdicts of guilty. Sentence was suspended and though the appellee correctly states that it is now the law of Pennsylvania that sentence cannot be imposed on this indictment,[4] this does not aid the Commonwealth's position for there was at least one conviction on indictment No. 1260. This is a burden which stands upon Kent's record and must not be permitted to stand if it was unjustly imposed.

Also on October 19, 1961 indictment No. 1261 was handed down charging

court as indicated above on January 5, 1970, its disposition being held in abeyance until this court *en banc* had rendered its opinion in *Moore*. Finally, we conclude, as indicated in this opinion, that this Court should resolve the issues rather than affirm the judgment and leave Kent to any state court remedy which he might have under the Pennsylvania Post Conviction Hearing Act, 19 P.S. §§ 1180–1 to 1180–4.

3. See Restatement (2d) Torts, Appendix, § 299A, Reporter's Notes.

4. In respect to the suspension of sentence on indictment No. 1260, it is now the law of Pennsylvania, as the appellee asserts, that sentence cannot be imposed on this indictment. In Commonwealth v. Duff, 414 Pa. 471, 200 A.2d 773 (1964), the Supreme Court of Pennsylvania condemned the practice of the indefinite suspension of sentence followed by the later imposition of sentence at some future date. Subsequent to the *Duff* decision, the Pennsylvania Superior Court formulated a rule that where sentence has been indefinitely suspended the trial judge may

Kent (Count 1) with unlawfully assaulting Walls and committing a battery upon her and (Count 2) making an unlawful assault upon Walls and committing a battery upon her, inflicting grievous bodily harm, and (Count 3) making an assault and battery upon Walls with the intent to rape her, and (Count 4) making an assault and committing battery upon Walls and raping her. On this indictment Kent was sentenced to a term of not less than three and one-half years nor more than seven years. Again it does not appear upon what count or counts of the indictment sentence was or were imposed. But it seems to appear that possibly there were duplications. In this connection we refer to the opinion of Judge Freedman, heading "IV.," Moore v. United States, *supra*. This should also be considered by the court upon remand.

A close examination of the record indicates no further issue which requires discussion.

The judgment of the court will be vacated and the case remanded with the direction to proceed as indicated in this opinion.

not thereafter vacate the suspension and impose sentence unless within the same term of court. Commonwealth v. Hoffman, 210 Pa.Super. 48, 52, 232 A.2d 19, 20 (1967) ; Commonwealth v. Robinson, 212 Pa.Super. 92, 239 A.2d 833 (1968) ; Commonwealth v. Bennett, 212 Pa.Super. 393, 397, 243 A.2d 128, 129–130 (1968).