IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JUNE 1997 SESSION



**FILED**

**July 29, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| FRANK E. TEASLEY, | ) | |
| | ) | |
| Appellant, | ) | No. 03C01-9611-CR-00441 |
| | ) | |
| | ) | Knox County |
| v. | ) | |
| | ) | Honorable Ray L. Jenkins, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Albert J. Newman, Jr.
Burwell Bldg., Suite 500
602 South Gay Street
Knoxville, TN 37902

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
        and
Marvin E. Clements, Jr.
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General
        and
Zane Scarlett
Assistant District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Frank E. Teasley, appeals as of right from the denial of his petition for post-conviction relief by the Criminal Court for Knox County. He is presently serving an effective sentence of forty-eight years in the custody of the Department of Correction for his 1992 convictions based upon guilty pleas for two counts of rape, aggravated kidnapping and robbery. His sole issue on appeal is whether the trial court erred in finding that he received the effective assistance of counsel. We conclude that the trial court was correct.

The petitioner was originally indicted in March 1992 for two counts of aggravated rape, especially aggravated kidnapping, and aggravated robbery. He was appointed various counsel during the course of the case, but was represented by two assistant public defenders at the time of his guilty pleas. On the morning of trial, the parties agreed for the petitioner to plead guilty to offenses that were one lower class than those charged in the indictment and for the trial court to set the sentences. A third assistant public defender represented the petitioner at the sentencing hearing. The petitioner appealed the sentences imposed, but this court affirmed the sentences. State v. Frank E. Teasley, No.03C01-9303-CR-00099, Knox County (Tenn. Crim. App. Nov. 23, 1993).

At the post-conviction evidentiary hearing, the petitioner testified that he only met with his trial attorney, Steven Garrett, on the morning that he ultimately pled guilty. He said that Mr. Garrett told him that if he did not enter a plea, he would get forty to fifty years, but that if he pled, he would get a sixteen to eighteen-year sentence with everything running concurrently. He also testified that he notified his attorney before the sentencing hearing that he wanted to withdraw his plea, but was told that he could not do so.

2

The petitioner acknowledged that Mr. Garrett obtained a mental evaluation for him, but he claimed that he was not properly evaluated. Also, he said that Mr. Garrett never talked to him about any possible strategy and did not do any "on-the-street" investigation. The petitioner testified that at the time of the offenses, he was under the influence of drugs and alcohol to the point that he did not know what he did, but Mr. Garrett did not pursue the claim. He acknowledged that he did not tell the attorney of any witnesses, but he thought the attorney would investigate the case himself.

Relative to his sentencing hearing, the petitioner testified that his successor attorney, Scott Carpenter, again told him that he would receive sixteen to eighteen years. He also said that Mr. Carpenter did not tell him that the victim would appear at the sentencing hearing and did not advise him that he would be asked to testify, as well. The petitioner also said that he had a lengthy prior record, but he did not have a prior history of violence. Ultimately, he stated that he pled guilty because the attorneys said he would get sixteen to eighteen years and he was afraid of more time.

Mr. Garrett testified that the petitioner was originally represented by local attorneys from the Tennessee Valley Authority who had been appointed at a time when the public defender's office was not taking cases. He said that they conducted an extensive investigation with detailed memos of interviews with police and civilian witnesses. He said that when he was appointed, he received a copy of their notes and also had a transcript of the preliminary hearing in the case. He testified that he met with the petitioner on several occasions and determined that there might be a defense based on the defendant's mental status. He said that he obtained a mental evaluation that concluded that the petitioner was sane and competent to be tried and that the petitioner never indicated that the evaluation was improper.

3

As for trial strategy, Mr. Garrett testified that he wanted to attack the identification of the petitioner, but he was aware that the state had a matching palm print and the witness who intervened and stopped the assault before the petitioner left the scene. In any event, Mr. Garrett thought that the jury might convict the petitioner of lesser included offenses. As for the petitioner's claim of intoxication, he stated that he did not believe intoxication would negate the mental culpability needed for rape.

Mr. Garrett testified that he had been ready for trial. He said that the state made no offer before the morning of trial, but then the state offered to reduce the offenses by one class. He said that he was sure that he and the petitioner discussed the ranges of punishment and that he never promised anybody a particular sentence. The transcript of the guilty plea hearing reflects that the trial court fully advised the petitioner of his rights and the consequences of his waiving those rights and pleading guilty, including sentencing.

The trial court's findings of fact reflect that it accredited Mr. Garrett's testimony. It concluded that the petitioner was provided with the effective assistance of counsel and that the petitioner had failed to prove otherwise "whether by a preponderance of the evidence or by clear and convincing proof."

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 369-72, 113 S. Ct. 838, 842-44 (1993). The Strickland standard has been applied, as well, to the right to

4

counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

In Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366 (1985), the Supreme Court applied the Strickland two-part test to a claim of ineffective assistance of counsel relative to a guilty plea. It concluded that to satisfy the prejudice part of the test, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 59, 106 S. Ct. at 370.

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974) and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland v. Washington, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982) (counsel's conduct will not be measured by "20-20 hindsight"). Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance. Deference is made to tactical choices if they are informed ones based upon adequate preparation. See Hellard v. State, 629 S.W.2d at 9; United States v. DeCoster, 487 F.2d at 1201.

Also, we note that the approach to the issue of the ineffective assistance of counsel does not have to start with an analysis of an attorney's conduct. If prejudice is not shown, we need not seek to determine the validity of the allegations about deficient performance. <u>Strickland v. Washington</u>, 466 U.S. at 697, 104 S. Ct. at 2069.

The original case related to an approximately sixty-year-old woman being abducted at her car, being forcibly robbed, and being forcibly, digitally penetrated by the petitioner while in the car. Then, the petitioner forced the victim into the trunk, which he could not close because it landed on her head. A bystander saw the commotion and rescued the victim. The petitioner left the scene. The petitioner has an extensive criminal history and was sentenced as a Range II, multiple offender.

The record supports the trial court's conclusion that the petitioner received the effective assistance of counsel in terms of the trial attorney's conduct. Also, although Mr. Garrett acknowledged that he relied upon other attorneys' work product in trial preparation, the petitioner has in no way proven that anything of consequence was left undone or omitted. Similarly, the record supports the trial court's conclusion that the petitioner's guilty pleas were entered with knowledge and understanding of his sentencing exposure. Likewise, the petitioner has failed to show what was improper or omitted relative to the sentencing hearing that would indicate that his sentences probably would have been other than those he received.

Under these circumstances, the petitioner has failed to show in any manner how the trial court erred in its findings and conclusions. The judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
John H. Peay, Judge


_____
Curwood Witt , Judge