Elwood HOWARD, Petitioner,

v.

Herman C. DAVIS, Warden, et al., Respondents.

Civ. A. No. 3:89–0240.

United States District Court,
M.D. Tennessee,
Nashville Division.

March 28, 1989.

Elwood Howard, Wartburg, Tenn., pro se.

Betty Springfield–Carter, Jerry Smith, Office of the Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge, sitting by designation and assignment.

The petitioner Mr. Elwood Howard applied *pro se* for the federal writ of habeas corpus, claiming that he is in the custody of the respondent-warden pursuant to the judgment of his conviction of June 19, 1984 by the Criminal Court of Tennessee for its 20th judicial district (comprising Davidson County), in violation of the Constitution, Sixth Amendment, Right to the Assistance of Counsel Clause. 28 U.S.C. §§ 2241(c)(3), 2254(a). He alleges that he has exhausted the remedies available to him through the corrective processes of the state of Tennessee, by having presented fairly his claim herein to the Supreme Court of Tennessee. 28 U.S.C. § 2254(b).

Mr. Howard contends that his trial-counsel was ineffective, in failing to obtain approval from Mr. Howard of the strategy such counsel intended to use at trial. Mr. Howard's right to the assistance of counsel is his right to the effective assistance of competent counsel, *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449[10], 25 L.Ed.2d 763 (1970); furthermore, reasonably competent assistance requires that counsel, in advance, "discuss fully potential strategies and tactical choices with his client." *United States v. DeCoster*, 487 F.2d 1197, 1203[8] (D.C.Cir. 1973).

Because this Court cannot at this time, upon preliminary consideration of the face of the applicant's petition, ascertain if he was rendered effective assistance of counsel and, thus, is not entitled to relief now in this Court, Rule 4, Rules—§ 2254 Cases, it hereby is

ORDERED that the respondent-warden file an answer in accordance with Rule 5, Rules—§ 2254 Cases, within 23 days herefrom, and that a copy of the petition herein and of this order be served by the clerk of this Court by certified-mail on the respondent-warden and the attorney-general and reporter of Tennessee. Rule 4, Rules —§ 2254 Cases, *supra.*

Should it be the respondent's contention that the petitioner has not exhausted the remedies available to him through the state of Tennessee, he may limit his answer to such issue. In such event the Court will consider the exhaustion-matter first and allow thereafter the respondent additional time in which to file a supplemental answer, addressing the merits of the petition, if indicated.

## ON THE MERITS

The respondent answered, see order herein of March 28, 1989. It appearing that no evidentiary hearing is required herein, the Court makes "such disposition of the petition as justice shall require." Rule 8, Rules—§ 2254 Cases.

Mr. Howard's sole contention herein is that he was denied his federal-constitutional right to the assistance of counsel, because his trial-counsel was ineffective when he failed to obtain Mr. Howard's approval of counsel's strategy of not objecting to certain statements of Mr. Howard's co-defendant's being introduced into evidence. This Court finds, however, that such allegation, even if true, does not state a claim upon which the relief sought herein may be granted. Rule 12(b)(6), F.R.Civ.P.

Without a doubt, Mr. Howard was entitled during his trial before a court of Tennessee to the effective assistance of competent counsel. *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449[10], 25 L.Ed.2d 763 (1970). However, the mere fact that Mr. Howard's trial-counsel may not have obtained approval from Mr. Howard of his trial-strategy does not, in and of itself, render his assistance ineffective.

Even if Mr. Howard presented herein a constitutional challenge to the competency of his trial-counsel's trial-strategy, this Court would be required to deny him relief. The Court of Criminal Appeals of Tennessee found factually as follows:

> During the trial, the statement of George White, a co-defendant, was allowed into evidence without any objection by Mr. Norman. This was testified to be part of a trial strategy to show inconsistencies in the testimony of some of the state's witnesses.

*State of Tennessee,* appellee, *v. Elwood D. Howard,* appellant, in the Court of Criminal Appeals of Tennessee, C.C.A. no. 88–28–III, op. of September 28, 1988 at p. 1, 1988 WL 99733. Such finding is presumed to be correct. 28 U.S.C. § 2254(d).

"[C]onduct of [defense] counsel in a situation involving the exercise of [his] judgment, is not subject to a charge of incompetency * * * or deprivation of [a] constitutional right as a result thereof." *Davis v. Bomar,* 344 F.2d 84, 89[5] (6th Cir.1965), *cert. den.,* 382 U.S. 883, 86 S.Ct. 177, 15 L.Ed.2d 124 (1965). Therefore, it appearing that the petitioner is not entitled to relief herein, the petition herein hereby is

DISMISSED. Rule 8(a), Rules—§ 2254 Cases.

The clerk will so notify the petitioner and shall serve forthwith by certified-mail on the respondent-warden and the attorney-general and reporter of Tennessee a copy of the petition and of this order herein. Should the petitioner give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R.Civ.P., he is authorized to proceed therein *in forma pauperis.* Rule 24(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable-cause. Rule 22(b), F.R.App.P. As the petitioner failed clearly to state a claim upon which the relief sought herein may be granted, such certificate shall NOT issue. *Idem.*