on Bail Matter and For Overturning Judgment of Conviction" which we are articulating as a further motion for bail pending appeal.

In order to attempt to bring some order out. of the chaos of this record, this case is remanded to the Superior Court for a hearing on motion for bail pending appeal. *Quattrocchi* v. *Langlois*, 100 R.I. 741, 219 A.2d 570 (1966), *State* v. *Abbott* and *Freeman*, 113 R.I. 430, 322 A.2d 33 (1974). After the Superior Court has resolved the issue of bail, the papers will be returned to this Court.

Furthermore, in accordance with our order of November 3, 1976, Martin Malinou Esq. is appointed to represent the defendant in the further prosecution of his appeal in this Court, and any hearings in Superior Court.

In his representation of the defendant, Mr. Malinou should be guided by the standards for defense counsel set forth in *United States* v. *De Coster*, 487 F.2d 1197 (D.C. Cir. 1973), i.e., he should confer with his client without delay and as often as necessary to elicit possible error in the trial of the defendant, he should discuss with the defendant potential strategies and tactical choices, he should promptly advise the defendant of his rights and take all steps necessary to preserve them, and he should conduct an investigation of the transcripts, exhibits, and record below to ascertain possible error. After all of this has been accomplished, and after adequate research, he will prepare and file a brief and orally argue it before us. *Julius C. Michaelson,* Attorney General, *Judith Romney Wegner,* Special Asst. Attorney General, for plaintiff. *Martin Malinou,* for defendant.

December 9, 1976

C. A. No. 73-33. STATE *v.* LEO DESROCHES. In accordance with our order of November 3, 1976, Martin Malinou Esq. is appointed to represent the defendant in the further prosecution of his appeals in this Court.

In his representation of the defendant, Mr. Malinou should be guided by the standards for defense counsel set forth in *United States* v. *De Coster*, 487 F.2d 1197 (D.C. Cir. 1973), i.e., he should confer with his client without delay and as often as necessary to elicit possible error in the trial of the defendant, he should discuss with the defendant potential strategies and tactical choices, he should promptly advise the defendant of his rights and take all steps necessary to preserve them, and he should conduct an investigation of the transcripts, exhibits, and record below to ascertain possible error. After all of this has been accomplished, and after adequate research, he will prepare and file a brief and orally argue it before us. *Julius C. Michaelson,* Attorney General, *Judith Romney Wegner,* Special Asst. Attorney General, for plaintiff. *Martin Malinou,* for defendant.

December 13, 1976.

APPEAL No. 76-333. SCHOOL COMMITTEE OF THE CITY OF PAWTUCKET *v.* PAWTUCKET TEACHERS ALLIANCE AFT LOCAL 930, AND MARTIN M. SCHWARTZ. Motion of the defendants to correct the record, by including therewith the defendants' motion to dismiss in Superior Court, is granted. *Joseph V. Cavanagh,* for plaintiff. *Abedon, Stanzler, Biener, Skolnik and Lipsey, Lynette Labinger,* for defendants.

December 14, 1976.

M. P. No. 76-452. GERALD BAKER *et al.* v. WILLIAM E. LAURIE, JR. To afford the parties an opportunity to brief fully the issues involved, the petitioners' motion for stay of extradition pending issuance of habeas corpus is granted until Friday, December 17, 1976 at 2:00 p.m. The briefs are to be filed on or before Thursday, December 16, 1976 at 2:00 p.m. In the meantime, the petitioners will continue to be held without bail pending further order of this Court. *Paul J. Di Maio, Harris*