# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 8, 2000

## ANTWAIN LAMAN SPEARS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Carroll County**
**No. 96CR0915     C. Creed McGinley, Judge**

———————————

### No. W2000-01167-CCA-R3-PC - Filed January 9, 2001

———————————

The petitioner appeals the trial court's denial of his post-conviction petition, contending that he received ineffective assistance of counsel. We affirm the trial court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Steven L. West, McKenzie, Tennessee, attorney for the appellant, Antwain Laman Spears.

Paul G. Summers, Attorney General and Reporter; Lucian D. Geise, Assistant Attorney General; G. Robert Radford, District Attorney General; and Eleanor Cahill, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On September 16, 1996, a jury convicted the petitioner, Antwain Laman Spears, for possession of more than one-half gram of cocaine with intent to sell or deliver, a Class B felony; possession of less than one-half gram of marijuana with intent to sell or deliver, a Class E felony; and possession of drug paraphernalia, a Class A misdemeanor. He was sentenced as a Range II, multiple offender to concurrent sentences of fifteen years incarceration, three years, and eleven months, twenty-nine days, respectively. The defendant appealed, and we affirmed the convictions. See State v. Antwain Laman Spears, No. 02C01-9705-CC-00170, Carroll County (Tenn. Crim. App. July 1, 1998), app. denied (Tenn. Jan. 11, 1999). The petitioner filed a petition for post-conviction relief, which the trial court denied. From this denial, he appeals and contends that he received the ineffective assistance of counsel. He argues that because his trial counsel failed to move for the state to disclose the identity of a confidential informant and to subpoena that individual to testify at trial, he was denied the right to cross-examine and confront his accuser. Because the petitioner has failed to show that his trial counsel performed deficiently, we affirm the trial court's denial of the petition.

At the evidentiary hearing, the petitioner's trial attorney testified that he could not deny that the petitioner may have requested him to obtain the confidential informant's presence at trial. He said that the affidavit underlying the search warrant relied upon a confidential informant and that the informant had been in the proximity during possession of or transaction with the drugs. He stated that he did not file a motion for disclosure of the informant's identity but that he did raise the issue of the legality of the search in a motion to suppress and also on appeal.

The petitioner testified that none of the contraband found during the search belonged to him. He stated that he requested his attorney to obtain the confidential informant's presence at trial and that he would like to have the opportunity to cross-examine the informant, whose identity he still did not know.

The trial court denied the post-conviction petition, finding that because "the issue of an unconstitutional search was actively raised by counsel for the defendant and pursued completely through the appellate process to no avail, . . . any issues relating to the search have been previously determined by [a] court of competent jurisdiction and therefore cannot provide grounds for post-conviction relief." The trial court further found that the petitioner was not deprived of the effective assistance of counsel. The court stated that

> any actions by trial counsel to force the disclosure of a confidential informant would have been fruitless. It is obvious that any information furnished by the confidential informant simply supported the probable cause for the issuance of a search warrant. There is no indication that the confidential informant would have been a material witness or a "transactional witness" to the defendant's criminal activity. There is nothing in this record to indicate that the informant's identity would have been required to have been disclosed to the defendant or defendant's counsel.

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). The Strickland standard has been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974) and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's

perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

In a post-conviction case, the burden is on the petitioner to prove his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). "The findings of fact of the trial judge on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence in the record preponderates against those findings." Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997) (citation omitted). However, we review the trial court's conclusion regarding the effectiveness of counsel de novo because it involves a mixed question of law and fact. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

The trial court found that the petitioner's trial counsel was not deficient because any attempt to move for the state to disclose the identity of the confidential informant would have been fruitless. The petitioner contends that if his trial counsel had moved for disclosure of the informant's identity, the state would have been required to disclose it because the informant was a material witness. See State v. Brown, 823 S.W.2d 576, 586-88 (Tenn. Crim. App. 1991). He asserts in conclusory fashion that the informant was the only person who could link the petitioner to the drugs and drug paraphernalia. However, the defendant did not present any evidence at the evidentiary hearing that the confidential informant was a material witness or that the informant participated in the criminal activity. To the contrary, the search warrant was issued "for cocaine and drug paraphernalia seen in the residence by a confidential informant." Antwain Laman Spears, slip op. at 2 (emphasis added). Moreover, the trial testimony of the lessee of the residence connected the petitioner to the items in the bedroom in which the drugs and drug paraphernalia were found. Also, the defendant admitted at trial that he owned the baseball caps under which the drugs were found. In short, the informant was not the only person able to link the petitioner to the drugs and drug paraphernalia. The petitioner has offered no evidence which trial counsel could have used to argue that the informant's identity should have been disclosed. The petitioner has failed to carry his burden of showing that the record preponderates against the trial court's finding that his trial counsel's performance was not deficient.

Based upon the foregoing and the record as a whole, we affirm the trial court's denial of the post-conviction petition.

_____
JOSEPH M. TIPTON, JUDGE