IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 14, 2002

## TERRY W. SMITH v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Cheatham County**
**No. 12158A     Robert E. Burch, Judge**

———————————

**No. M2001-03062-CCA-R3-PC - Filed September 27, 2002**

———————————

This is an appeal from the denial of post-conviction relief concerning petitioner's conviction for aggravated kidnapping. The sole issue in this appeal is whether the petitioner was deprived of effective assistance of counsel when trial counsel, during the trial of the case, "opened the door" to the state's introduction of evidence of defendant's prior arrests. We agree with the post-conviction court's finding that petitioner failed to establish prejudice; thus, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Wade Bobo, Ashland City, Tennessee, for the appellant, Terry W. Smith.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Robert S. Wilson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner was convicted by a Cheatham County jury of the offense of aggravated kidnapping and attempted aggravated rape and sentenced by the trial court to concurrent terms of ten years in the Department of Correction. The convictions and sentences were affirmed on direct appeal,[1] and petitioner timely sought post-conviction relief. The post-conviction court found the attempted aggravated rape indictment to be defective and insufficient to confer jurisdiction upon the trial court. The post-conviction court, therefore, set aside the attempted aggravated rape conviction. Although

———————————

[1]*See* State v. Terry W. Smith, C.C.A. No. 01C01-9609-CC-00404, 1998 Tenn. Crim. App. LEXIS 1331 (Tenn. Crim. App. Dec. 31, 1998, at Nashville).

the state originally appealed this dismissal, it subsequently withdrew its appeal. Thus, this dismissal is not an issue in this appeal.

The sole issue in this appeal relating to petitioner's conviction for aggravated kidnapping is whether trial counsel provided ineffective assistance of counsel during petitioner's trial when he asked petitioner's stepmother whether she thought the petitioner was capable of committing the offense. After she replied in the negative and testified as to his character, the state was allowed to question the witness as to her knowledge of petitioner's prior arrests for assault, aggravated assault and a drug offense. The post-conviction court concluded trial counsel's performance did not undermine the confidence in the outcome of the trial and dismissed the petition. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Proceedings at Original Trial

Petitioner contends he was deprived of the effective assistance of counsel. Trial counsel realized that petitioner had prior arrests; trial counsel was also aware that petitioner had no prior convictions. The theory of the defense was alibi. During trial counsel's direct examination of petitioner's stepmother, he asked her if she believed the defendant was capable of committing the offense. She replied in the negative and further stated the defendant was good-natured and had a heart. The trial court then allowed the state to question the stepmother as to whether she was aware that the petitioner had been arrested twice in 1987 for assault, in 1991 for assault and aggravated assault, and in 1995 for a drug offense. Although she admitted she was aware of the arrests, she stated the petitioner was not convicted on any of these charges. The trial court instructed the jury that this testimony was not to be considered as substantive evidence but only to test the stepmother's knowledge of the petitioner's character. Petitioner claims this evidence essentially destroyed his alibi defense.

### B. Standard of Review

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the burden is upon the complaining party to show (1) that counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. *See* Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Our supreme court has applied the Strickland standard to the right to counsel under Article I, Section 9 of the Tennessee Constitution. *See* State v. Melson, 772 S.W.2d 417, 419 n. 2 (Tenn. 1989).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria

set forth in <u>Beasley v. United States</u>, 491 F.2d 687 (6th Cir. 1974), and <u>United States v. DeCoster</u>, 487 F.2d 1197 (D.C. Cir. 1973).   In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Strickland</u>, 466 U.S. at 689, 104 S. Ct. at 2065; s*ee* <u>Hellard v. State</u>, 629 S.W.2d 4, 9 (Tenn. 1982).

It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. <u>Strickland</u>, 466 U.S. at 697, 104 S. Ct. at 2069. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>State v. Burns</u>, 6 S.W.3d 453, 463 (quoting <u>Strickland</u>, 466 U.S. at 694, 104 S.Ct. at 2068) (citations omitted).

The petitioner bears the burden of proving the factual allegations that would entitle petitioner to relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f).  We review the post-conviction court's factual findings underlying a claim of ineffective assistance of counsel under a *de novo* standard with a presumption that those findings are correct – unless the preponderance of the evidence establishes otherwise.  <u>Burns</u>, 6 S.W.3d at 461.  However, the post-conviction court's conclusions of law – such as whether counsel's performance was deficient or whether that deficiency was prejudicial – are reviewed under a *de novo* standard with no presumption of correctness. <u>Fields v. State</u>, 40 S.W.3d 450, 457 (Tenn. 2001) (citations omitted).

## C.  Analysis

Petitioner now contends trial counsel was deficient and should have realized that, by asking this question of the stepmother, this "opened the door" for the state to ask her about petitioner's prior arrests because they were relevant to her knowledge of the petitioner's character.  In the direct appeal, petitioner raised the issue as to whether the trial court erred in allowing the state's question regarding the prior arrests.  *See* <u>Terry W. Smith</u>, 1998 Tenn. Crim. App. LEXIS 1331, at *38.  We concluded the state's questioning was proper under Rule 405(a) of the Tennessee Rules of Evidence and further observed that the trial court instructed the jury not to consider this as substantive evidence, but only to test the stepmother's knowledge of the petitioner's character. *Id*. at *39.

The post-conviction court concluded trial counsel's decision to ask the question was a "mistake;" however, the post-conviction court concluded the "mistake" was not sufficient to undermine the confidence in the outcome of the trial.  We agree with the post-conviction court's assessment.

As we noted in our original opinion, the victim was held captive about fifteen minutes, giving the victim ample time to observe the perpetrator; her description of the perpetrator was consistent with the petitioner's appearance; the victim never waivered in her identification of the petitioner; the

victim's identification was reliable. *Id*. at **27-30. Moreover, an officer testified at trial that he saw the petitioner's speeding car near the scene of the offense between 8:00 p.m. and 9:00 p.m. and saw the car again at the Shell station about thirty minutes later. *Id*. at **9-10. Furthermore, petitioner was arrested about 9:30 p.m., which contradicted not only his testimony that he was in Nashville at 9:30 p.m. and arrived at the Shell station at 11:15 p.m., but also the petitioner's brother-in-law's testimony that he saw the petitioner at his residence the following morning. *Id*. at **17-20.

We also observe that the jury was aware that petitioner had only been arrested on these charges, not convicted. Furthermore, the trial court instructed the jury not to consider this evidence substantively. *See* State v. Butler, 880 S.W.2d 395, 399 (Tenn. Crim. App. 1994) (holding jury is presumed to follow instructions of the trial court).

In view of the evidence against the petitioner and the other circumstances surrounding the introduction of the evidence, we agree petitioner has failed to establish prejudice. More specifically, he has failed to establish a reasonable probability that, but for trial counsel's "opening the door" to evidence of petitioner's prior arrests, the result of the proceeding would have been any different. Having concluded the petitioner has failed to establish prejudice, we need not address whether trial counsel was deficient in asking the stepmother this question. *See* Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

We affirm the judgment of the trial court.

                                                    _____

                                                    JOE G. RILEY, JUDGE