IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 25, 2001

## ROSHAUN COLBERT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 70067     Ray L. Jenkins, Judge**

**No. E2001-00426-CCA-R3-PC**
**October 9, 2001**

The petitioner, Roshaun Colbert, appeals the trial court's denial of his petition for post-conviction relief, claiming that he received the ineffective assistance of counsel. He contends that he pled guilty because his attorney guaranteed him that he would be released from prison after serving only five years of his twenty-year effective sentence. We affirm the trial court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Albert J. Newman, Jr., Knoxville, Tennessee, for the appellant, Roshaun Colbert.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Robert L. Jolley, Jr., Assistant District Attorney General, for the appellee, State of Tennessee

**OPINION**

On July 15, 1999, the petitioner pled guilty to attempted second degree murder, a Class B felony; four counts of aggravated assault, a Class C felony; reckless endangerment, a Class E felony; carrying a weapon on school property, a Class E felony; escape, a Class A misdemeanor; and carrying a weapon with intent to go armed, a Class C misdemeanor. The trial court sentenced him as a Range I, standard offender to an effective sentence of twenty years in the Department of Correction, with the defendant becoming eligible for parole after serving thirty percent of his sentence. The petitioner contends that he received ineffective assistance of counsel and that the only reason he pled guilty was because his attorney promised him that he would be out of prison in five years. He claims that if had he known he might have to serve more than five years of his sentence, he would have gone to trial.

At the evidentiary hearing, the petitioner testified that an attorney was appointed to represent him at trial. He said that his trial attorney told him that if he pled guilty, he would receive a twenty-year sentence, but with time already served, he would be out of prison in five years. He said that based on his attorney's "guarantee," he pled guilty. He said that when he got to Brushy Mountain State Prison on August 3, 1999, he learned for the first time that there was no guarantee that he would be out in five years and that he "could do 12 years on that 20." He said that had he known he might not get out of prison in five years, he would have gone to trial. On cross-examination, the petitioner stated that at his guilty plea hearing, the trial court told him that he was receiving a twenty-year sentence and that the trial court never discussed a potential release date. He said that he did not know if the trial court told him that he would have to serve thirty percent of his sentence before he became eligible for parole. However, he acknowledged that he wrote on his post-conviction petition that the length of his sentence was "20 yrs. at 30%."

The petitioner's trial attorney testified that he had been licensed to practice law since 1967 and represented the petitioner for over a year. He said that he talked with the petitioner many times about the sentence the petitioner would receive if he pled guilty. He said that he told the petitioner that the trial court would sentence him to twenty years and that he would have to serve thirty percent of that sentence before he would be eligible for parole. He said that he told the petitioner that it would be up to the parole board as to when the petitioner would be released from prison. He said that he told the petitioner he might be released early if the petitioner had good behavior. He said that he told the petitioner that, given the amount of time he had already served, it was possible, even probable, that he would be released early. He testified that he said something to the petitioner about five years, but he did not guarantee that the petitioner would be out of prison after serving only five years. The attorney said that he appeared in the courtroom with the petitioner when the petitioner pled guilty and that it was clear to him that the petitioner understood that he would not be eligible for parole until he served thirty percent of this twenty-year sentence. He said that he told the petitioner that some of his sentences had to run consecutively and that he never told the petitioner that all of his sentences would run concurrently.

The state introduced into evidence a transcript of the petitioner's guilty plea hearing. In that hearing, the state announced the plea to the trial court, and the following exchange occurred:

> [The State]: Your Honor, this would be a total sentence of 20 years as a Range I, Standard Offender. These sentences are to be served.
>
> The Court: Is that the agreement?
>
> [Defense Counsel]: That is the agreement with regard to all of the indictments, your Honor.
>
> The Court: Okay. All right, Mr. Colbert--yes, sir.

The Defendant: The sentence I'm getting, and all--I just going to be doing time serve--until--all my charges ran together. Just one 20--you know, 20-year sentence?

The Court: Yes.

The Defendant: So I just complete the sentence on the 20 and I get out--you know what I'm saying--for the rest of the charges? I ain't saying I'll be doing one time, then I finish this time and then start on another time. It ain't going to be nothing like that, is it?

The Court: No, no; no, no.

The Defendant: It's just one sentence?

The Court: These will all be run end on each other. You understand what I mean? You serve the 12-year sentence at thirty percent, and the 5-year sentences at 30 percent. They just run--it's an effective sentence of 20 years. And you would serve–

The Defendant: So it's running together; it ain't running wild?

The Court: --you would serve 30 percent and then you would be eligible for release. Okay?

The Defendant: Parole. Okay.

The Court: All right. Now, you feel free to ask me any question as we go along--you may be seated if you wish. Okay.

Now, Mr. Colbert, you've heard--in fact, I'll go over all of these before we get to that point. You've heard the statement by the Attorney General in all of these cases. Is that your understanding of the agreement?

The Defendant: Yes.

The Court: You want me to approve that agreement, I take it? You want me to okay that sentence?

The Defendant: Yes. I--I agree with it.

The trial court then explained the sentences and asked the petitioner if he was giving his plea freely and voluntarily. The petitioner nodded affirmatively.

The trial court denied the post-conviction petition, finding that the petitioner did not receive ineffective assistance of counsel and that he knowingly and understandingly entered his plea. The trial court believed the trial attorney's testimony over that of the petitioner. It stated that the attorney's testimony conformed with the transcripts and that the testimony of the petitioner at the evidentiary hearing "is either the product of a slippery memory or outright mendacity."

The petitioner argues that he received ineffective assistance of counsel because his defense attorney guaranteed him that if he pled guilty, he would be out of prison in five years. The state argues that the petitioner has not met his burden of proving ineffective assistance of counsel. We agree with the state.

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). The Strickland standard has been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims that ineffective assistance of counsel resulted in a guilty plea, the petitioner must prove that counsel performed deficiently and that but for counsel's errors, the petitioner would not have pled guilty and would have insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974) and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

In a post-conviction case, the burden is on the petitioner to prove by clear and convincing evidence his grounds for relief. Tenn. Code Ann. § 40-30-210(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). We review the trial court's conclusions of law--such as whether counsel's performance was deficient or whether that deficiency was prejudicial--under a purely de novo standard. Id. at 457.

In the present case, the trial court found that the petitioner's attorney represented him effectively, noting that the attorney told the petitioner that it was possible that he would be released in five years but that he could not guarantee it. Furthermore, the petitioner acknowledged on cross-examination that the trial court told him that he was receiving a twenty-year sentence. The transcript of the guilty plea hearing shows that the trial court instructed the defendant that he was receiving an effective sentence of twenty years and would not be eligible for parole until he had served thirty percent of that sentence. The transcript reveals that the petitioner was only concerned about receiving one, twenty-year sentence and that he entered his guilty plea fully aware that he could serve more than five years in prison.

Based upon the foregoing and the record as a whole, we affirm the trial court's denial of the petitioner's post-conviction petition.

_____
JOSEPH M. TIPTON, JUDGE