IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs October 30, 2001

**DONALD BLAIR, JR. v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Knox County**
**No. 71831    Ray L. Jenkins, Judge**

_____

**No. E2001-00947-CCA-R3-PC**
_____January 29, 2002_____

Petitioner failed to prove by clear and convincing evidence that he was denied effective assistance of counsel.  We affirm the trial court's denial of petitioner's petition for post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JJ., joined.

Albert J. Newman, Jr., Knoxville, Tennessee, for the appellant, Donald Blair, Jr.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; and Robert L. Jolley, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 13, 2000, petitioner Donald Blair, Jr.,  pled guilty to one count of second degree murder, one count of attempted first degree murder, and four counts of aggravated assault.  Petitioner was sentenced as a Range I standard offender to twenty-two years, to be served concurrently, on the charges of second degree murder and attempted first degree murder.  Petitioner was sentenced as a Range I standard offender to three years for each of the charges of aggravated assault.  The trial court ordered the sentences on the four counts of aggravated assault to be served concurrently with each other and consecutively with the sentences for second degree murder and attempted first degree murder.  Therefore, petitioner received an effective sentence of twenty-five years.

On December 20, 2000, petitioner filed a *pro se* petition for post-conviction relief. Petitioner asserted that his guilty pleas were entered into unknowingly due to ineffective assistance of counsel. Petitioner's counsel was appointed to represent petitioner on January 5,

2001, and an amendment to the original petition for post-conviction relief was filed on January 22, 2001. The trial court held an evidentiary hearing on April 12, 2001, and dismissed petitioner's petition. This appeal timely followed.

**Facts**

At his plea hearing, petitioner Donald Blair, Jr. stipulated that he, along with Tyson Bivens and Anthony Ligon, participated in a drive-by shooting that resulted in the death of Alvin McKenzie and the wounding of Zolton Johnson. Petitioner testified that he knew that the State's witnesses, two co-defendants, would testify that petitioner was the one firing the shots. Petitioner was convicted of second degree murder and attempted first degree murder. Petitioner admitted his guilt on the offenses and asserted that his pleas were given freely and voluntarily.

When he entered his guilty pleas, attorney Leslie Jeffress represented petitioner. Petitioner testified that he met Mr. Jeffress about eight times for a total of approximately five or six hours prior to entering his plea. During these meetings, Mr. Jeffress discussed the State's evidence with petitioner and told petitioner that two witnesses would testify that petitioner was the shooter. Petitioner admitted to Mr. Jeffress that petitioner was involved in the shooting. Petitioner also asserted that no theory of defense was discussed.

Petitioner testified that he did not draw up the plea agreement. However, he testified that his attorney explained the plea agreement to him and that he understood the sentence he would receive. He stated that he voluntarily accepted the State's plea offer because he believed it was in his best interest. Petitioner claimed that he wanted to take some of his cases to trial but believed that his attorney was not prepared to go to trial. Petitioner stated that his belief was based on the fact that no defense was prepared or discussed. Petitioner testified that he wanted to argue at trial that although he was involved in the shooting, he was not the actual shooter, but his attorney told petitioner that such a defense was not possible because of the State's witnesses that would testify otherwise. Thereafter, petitioner pled guilty.

On cross-examination, petitioner admitted that while he was to be preparing for trial he fled the state and went to Georgia. While in Georgia, petitioner failed to appear in court on his scheduled trial date.

Petitioner's trial counsel Leslie Jeffress testified that he had been practicing law since 1967. He testified that he was petitioner's trial counsel. Mr. Jeffress testified that he met with petitioner on several occasions to discuss petitioner's case. Mr. Jeffress stated that he met with petitioner on seven occasions for a total of approximately twelve hours. He further stated that petitioner missed three scheduled conferences. In addition to the personal conferences, Mr. Jeffress saw petitioner during scheduled court hearings. Mr. Jeffress also arranged for private investigator Barry Rice to help investigate the case. Mr. Rice also met with petitioner.

Mr. Jeffress testified that he and petitioner discussed the case, and petitioner told Mr. Jeffress that petitioner wanted Mr. Jeffress to "make the best deal possible" for petitioner.

Petitioner's father also talked to the district attorney in an effort to reduce petitioner's sentence, and the State ultimately offered a twenty-two-year sentence for the murder and attempted murder charges, with a total sentence of twenty-five years for all offenses. Mr. Jeffress testified that he believed the sentence received was "a very good resolution of the case." He testified that the original plea offer had been "some thirty-odd years." Mr. Jeffress stated that he discussed possible defense theories with petitioner "to the extent that that was possible," but the evidence obtained by the private investigator established that petitioner was the person in control of the weapon which killed the victim. Mr. Jeffress discussed the evidence with petitioner, and petitioner made the decision to accept the plea offer. Mr. Jeffress never told petitioner to take the plea offer. Mr. Jeffress further testified that petitioner was "eager to take . . . this offer."

At the conclusion of the evidence, the trial court determined that there was little contradictory evidence, the petitioner and Mr. Jeffress had met and discussed the evidence, and the defendant wanted to get the best deal possible and entered guilty pleas to the offenses as a result of the discussions with his attorney. The trial court concluded that petitioner failed to meet his burden of proving a violation of his attorney's duty. Hence, the trial court dismissed petitioner's post-conviction petition.

## Analysis

This court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn.1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to demonstrate that (1) his attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996). In Baxter, our Supreme Court held that attorneys should be held to the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir.1974) and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C.Cir.1973). Baxter, 523 S.W.2d at 936.

In Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. Under Hill, a petitioner is also required to show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S. Ct. at 370.

The petitioner's burden of proof in all post-conviction cases filed after May 12, 1995, is one of clear and convincing evidence, see Tenn. Code Ann. § 40-30-210(f), and reviewing courts must indulge a strong presumption that counsel's conduct falls within the range of reasonableness. Finally, the trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995).

In the instant case, we conclude that petitioner failed to prove by clear and convincing evidence that he was denied effective assistance of counsel. Likewise, petitioner failed to prove that he would not have pled guilty to second degree murder, attempted first degree murder, and four counts of aggravated assault, but for trial counsel's performance

The evidence adduced at trial shows that petitioner entered into the plea agreement voluntarily, and petitioner understood the sentence he would receive pursuant to the plea agreement. The evidence shows that petitioner met with his attorney on seven different occasions and that petitioner failed to show up on three other occasions. Petitioner and counsel spent approximately twelve hours discussing the case. Petitioner also fled to Georgia and missed a court date. Counsel's private investigator also met with petitioner for at least three hours.

The evidence reveals that the trial court accredited the testimony of petitioner's counsel that petitioner wanted the "best deal possible" and that petitioner didn't have any problems with the plea agreement. Further, we conclude that the trial court properly accredited counsel's testimony that counsel thought that the plea agreement and the corresponding twenty-five-year sentence was a "very good resolution" of the case, that some defense theories were not practical given the strength of the State's case, that petitioner was "eager to take the offer," and that the offer was in petitioner's best interest.

We conclude that petitioner's trial counsel acted within the range of competence expected of attorneys in criminal cases and that the evidence before us does not preponderate against the trial court's findings.

## CONCLUSION

Accordingly, we affirm the judgment of the trial court.

 

 

_____
JOHN EVERETT WILLIAMS, JUDGE

-4-