IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 5, 2004

## ERIC THOMAS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-24493     Carolyn Wade Blackett, Judge**

—————————

**No. W2003-02154-CCA-R3-PC  - Filed December 14, 2004**

—————————

The petitioner, Eric Thomas, appeals as of right from the dismissal of his petition for post-conviction relief by the Shelby County Criminal Court.  He seeks relief from his Class C felony conviction for robbery and resulting sentence of eight years and one day in confinement.  He contends that the post-conviction court erred in dismissing his petition and that he received the ineffective assistance of counsel.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Jacob Edward Erwin, Memphis, Tennessee, for the appellant, Eric Thomas.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Gail Ann Vermaas, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case relates to the petitioner's conviction for robbery.  On November 19, 1996, the petitioner went to the National Bank of Commerce (NBC) in Memphis, walked to the teller counter, handed the teller a note, robbed the bank, and fled.  A crime scene investigation revealed the petitioner left his fingerprints on the teller counter, and he was subsequently arrested.  A Shelby County jury convicted the petitioner of robbery and the trial court sentenced him to eight years and one day in the Department of Correction.  The petitioner appealed, and this court affirmed his conviction. See State v. Eric Thomas, No. W1999-01255-CCA-R3-CD, Shelby County (Tenn. Crim. App. Mar. 22, 2000). The petitioner subsequently filed a petition for post-conviction relief alleging, among other things, that he received the ineffective assistance of counsel.  After appointing the petitioner counsel and conducting a hearing, the trial court dismissed the petition for post-conviction relief, and the petitioner appealed.

The record reflects that shortly after his arrest, the petitioner entered into plea negotiations with the state without the assistance of counsel. The detectives negotiating with the petitioner told him that they suspected he was also guilty of four other unrelated robberies, three were simple robberies and the fourth was aggravated robbery. Both the petitioner and the state understood the agreement to require that no federal charges were to be brought against the petitioner for any of the robberies, that the state reduce the two aggravated robbery charges against the petitioner to simple robbery, and that the state dismiss two other charges against the petitioner: possession of a controlled substance and felony evading arrest. In return for this arrangement, the petitioner was to confess to all five robberies. The petitioner claimed the agreement also included concurrent sentencing. He fulfilled his duties under the agreement by confessing in writing to all five robberies.

The state subsequently disavowed the agreement. The petitioner then refused to enter a guilty plea. The petitioner's trial counsel filed a pre-trial motion to enforce the terms of the plea agreement. The trial court found that there was a valid plea agreement that in return for the petitioner's confessions, the federal government would not indict the petitioner for any of the five robberies, that the state would reduce two of the charges from aggravated robbery to robbery, and that the state would dismiss the charges of possession of a controlled substance and felony evading arrest. The trial court also found that concurrent sentencing for all five robberies was not part of the plea agreement. The defendant proceeded to trial and was convicted. As noted, this court affirmed the trial court's ruling on direct appeal.

At the post-conviction hearing, the petitioner testified that he entered into an oral plea agreement with the state shortly after his arrest. He said that the state disavowed the plea agreement and that he had no choice but to go to trial. He said that had the state not disavowed the plea agreement, he would have pled guilty. He said that before trial, his attorney filed a "Motion to Enforce Plea Agreement." He said his attorney's performance regarding this motion was deficient because the attorney did not fully investigate and pursue his claim that concurrent sentencing was an element of the plea agreement. Regarding the deficient investigation, the petitioner said his attorney did not call Assistant District Attorney General Wax, Assistant United States Attorney (AUSA) Arvin, or Detective Parris to the stand to testify. He said that had his attorney called these individuals to the stand, they would have confirmed that concurrent sentencing was a part of the agreement. The petitioner said that his attorney's failure to investigate resulted in his receiving consecutive sentencing.

The petitioner also testified that he asked his attorney to object to the state's introducing his confession on the grounds that it was obtained during plea negotiations and therefore inadmissible at trial pursuant to Rule 410, Tenn. R. Evid. He said that his attorney failed to object, that they argued about the failure to object, that he attempted to fire his attorney, and that the judge refused to allow him to fire his attorney. He said that his attorney's performance was deficient for not objecting pursuant to rule 410 and that he was prejudiced by the deficient performance because the state's case in the absence of his confession was weak.

The petitioner's trial attorney testified that he was appointed to represent the petitioner. He said he filed the "Motion to Enforce Plea Agreement" after investigating the circumstances surrounding the plea negotiations. He said he interviewed Assistant District Attorney General Wax who had no memory of the incident. He said he did not call General Wax to the stand during the hearing on the motion because his testimony would not have offered any relevant information. The attorney said that he also interviewed the officers who were in the room with the petitioner during the plea negotiations and that they did not believe concurrent sentencing was part of the plea arrangement. He said that he did procure a written offer from General Wax to the petitioner, which included a reduction of the charge but nothing relative to sentencing. He said he won the motion insofar as he was able to prove the existence of the agreement. He acknowledged that the court did not find that concurrent sentencing was a part of the agreement because insufficient evidence existed regarding the issue.

The attorney said that he met with the petitioner before trial and that they worked well together. He said, however, that the prosecution's case against the petitioner was overwhelming because of the victim's eyewitness identification of the petitioner and fingerprint evidence. He said that had the state been unsuccessful in admitting the petitioner's confession into evidence, the prosecuting attorney was prepared to offer into evidence the testimony of the petitioner's girlfriend. He said she was prepared to testify that the petitioner had confessed the crime to her. He said the prosecution had "a slam-dunk case." He said that even if the confession had been suppressed, the petitioner would have had no chance of being acquitted by the jury.

The trial court found that the petitioner's trial attorney's performance was sufficient in investigating the terms of the plea agreement. The trial court also found that the attorney's performance was sufficient concerning the issue of failing to object to the state's introducing the petitioner's confession into evidence because there was "overwhelming evidence of effective assistance of counsel." We note, however, that the trial court did not specifically address the petitioner's contention that his confession was excludable pursuant to Rule 410 and that his attorney's failure to object on evidentiary grounds constituted deficient performance which resulted in prejudice to the petitioner.

On appeal, the petitioner claims that the trial court erred in dismissing his petition and that he received the ineffective assistance of counsel because his attorney failed to investigate fully his claim that the plea arrangement included concurrent sentencing and failed to object at trial to the introduction of his confession pursuant to Rule 410, Tenn. R. Evid., and Rule 11, Tenn. R. Crim. P. The state contends that the petitioner has failed to establish (1) that his attorney's performance was deficient which (2) resulted in prejudice to the petitioner. We agree with the state.

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's

performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 691.

The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974), and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance. Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation. See Hellard, 629 S.W.2d at 9; DeCoster, 487 F.2d at 1201.

First, the petitioner claims that his trial attorney did not fully investigate the facts surrounding the plea negotiations in order to establish that concurrent sentencing was a term of the plea agreement. His attorney testified, however, that he filed a "Motion to Enforce Plea Agreement," that he interviewed General Wax, who made the plea offer to the petitioner, and that he interviewed the officers who were in the room with the petitioner during the plea negotiations. We believe that the attorney's performance was not deficient as he was able to establish the existence of the plea agreement and its essential terms to the satisfaction of the trial court. While the petitioner alleges that his trial attorney should have called General Wax, AUSA Marvin, and Detective Parris to the stand to establish that concurrent sentencing was part of the agreement, he failed to have them testify at the post-conviction hearing. Absent their testimony, we are left with the petitioner's bare claim that such an agreement existed. In this regard, we note that the convicting court concluded at the plea agreement enforcement motion hearing that the petitioner's testimony was insufficient to prove by a preponderance of the evidence that concurrent sentencing was part of the agreement. It is likewise apparent that the trial court in this case did not find that the petitioner proved his claim by clear and convincing evidence. We conclude that the attorney did not perform deficiently.

Second, the petitioner alleges that his attorney's performance was ineffective because he failed to object during trial to the introduction of his confession. He contends that his attorney should have objected pursuant to Rule 410, Tenn. R. Evid., and Rule 11, Tenn. R. Crim. P. We hold that the petitioner's confession was not excludable pursuant to these rules and that the attorney's failure to object was not ineffective assistance of counsel.

Tennessee Rule of Evidence 410 provides, in part,

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the party who made the plea or was a participant in the plea discussions:
>
> . . . .
>
> (3) any statement made in the course of any proceedings under Rule 11 of the Tennessee Rules of Criminal Procedure regarding either of the foregoing pleas; or
> (4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn. Such a statement is admissible, however, in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record, and in the presence of counsel.

Rule 11(e)(6), Tenn. R. Crim. P., provides,

> Except as otherwise provided in this paragraph, evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with, and relevant to, any of the foregoing pleas or offers, is not admissible in any civil or criminal proceeding against the person who made the plea or offer. However, evidence of a statement made in connection with, and relevant to, a plea of guilty, later withdrawn, a plea of nolo contendere, or an offer to plead guilty or nolo contendere to the crime charged or any other crime, is admissible in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record, and in the presence of counsel.

The petitioner is correct in asserting that most statements made "in the course of plea discussions" are not admissible at trial. However, he is incorrect in asserting that his confessions were made "in the course of plea discussions." After reviewing the record, we conclude that the petitioner's statements were made as a result of the plea agreement. The state negotiated with the

petitioner that in return for his confessing to five burglaries, it would reduce some of the charges against him and dismiss others. The state's end of the bargain was enforced. The petitioner was obligated under the plea agreement to give a statement, and he did so. The attorney's performance was not deficient for failing to object on evidentiary grounds.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE