IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 4, 2007

## ANDRE ANTHONY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 00-00157-61     W. Otis Higgs, Judge**

---

**No. W2007-00532-CCA-R3-PC  - Filed March 24, 2008**

---

The petitioner, Andre Anthony, was convicted by a Shelby County jury of criminal attempt to commit first degree murder, a Class A felony; especially aggravated robbery, a Class A felony; forgery over $1000, a Class D felony; and two counts of forgery over $500, a Class E felony.  He received an effective total sentence of forty-six years.  He seeks post-conviction relief and argues that he received the ineffective assistance of counsel.  The trial court denied relief, and we affirm that judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

Juni S. Ganguli, Memphis, Tennessee, for the appellant, Andre Anthony.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William L. Gibbons, District Attorney General; and Patience R. Branham, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner's convictions stemmed from allegations that he robbed the victim, Jack Scott, using a gun, brutally beat the victim until the victim gave the petitioner the personal identification number for the victim's ATM card, used the victim's credit card to make purchases, and wrote three checks to himself using the victim's checks.  Two attorneys represented the petitioner at different times in the trial court.

At the post-conviction hearing, the petitioner's first counsel testified that she represented the petitioner at the preliminary hearing.  She said the petitioner was in custody during the entire time that she represented him.  She recalled that Jack Scott testified at the preliminary hearing, although she could not remember which other state witnesses testified.  She said she was aware that under

Tennessee Rule of Criminal Procedure 26.2, she could have requested prior statements of the state's witnesses after those witnesses testified. She said she did not request such statements because the prosecutor had allowed her to review any statements before the hearing and take notes on material in the prosecutor's file. She acknowledged that the petitioner did not receive any benefit from her not requesting the statements but that this also did not harm the petitioner because she had already seen the statements and studied the prosecutor's file. She said she discussed with the petitioner what she observed from the statements and was prepared to question the state's witnesses.

The petitioner's trial counsel testified that the petitioner's family hired him to represent the petitioner the day that the petitioner's case was set for trial. He said he got a continuance and that the trial took place about a year later. He acknowledged that he did not file a motion for the trial court to appoint an investigator to the petitioner's case. He said he did not see a benefit to his not requesting an investigator, but he later said he preferred to do the investigation and to talk to potential witnesses himself. He said that he recalled viewing pretrial statements of the state's witnesses before trial, although he could not remember exactly when he received such statements. He said he interviewed three witnesses before trial who worked in businesses next to Mr. Scott's business, where the robbery occurred. He said that he received a copy of all the state's discovery and that he gave the petitioner copies of the discovery.

Counsel testified that the attempt and robbery offenses occurred on a different day than the forgery offenses. However, he said he did not move for a severance of offenses because the charges were related and he thought such a motion would be denied. He said that the proof of the forgery offenses would have been admissible at the trial for the other offenses, and vice versa. He acknowledged that by not raising the severance issue at trial, the issue was not preserved for appeal.

Counsel testified that the petitioner was in jail during the entire time that he represented the petitioner. He said that he could not remember how many times he met with the petitioner before the trial but that he did meet with the petitioner on several occasions that were enough times to prepare the case. He acknowledged that he did not request jury instructions on lesser included offenses in writing but said that he recalled that the trial court instructed the jury on all lesser included offenses. He said he prepared for the sentencing hearing by reviewing the trial record, talking with the petitioner's family members, having some family members testify at the hearing, and moving for concurrent sentencing and for the application of mitigating factors. The trial court did not find any mitigating factors and ordered consecutive sentences. He said that he represented the petitioner on appeal and that the petitioner's convictions and sentences were affirmed on appeal. He raised an issue regarding the jury instructions on appeal, but the court held that there was only harmless error.

Counsel testified that he communicated to the petitioner plea offers from the state, including one that involved a sentence of forty years. He said he did not think there was anything he could have done to change the outcome of the petitioner's trial.

The petitioner testified that while in court for the preliminary hearing, he saw the detective who investigated his case speaking with Jack Scott and showing Mr. Scott a photographic line-up that included the petitioner's picture. He said this same lineup was used during the hearing to identify the petitioner as the man who robbed Mr. Scott. He said he expressed concerns about this to his first counsel, who did request that the photographic identification be suppressed. He said that he was present during the preliminary hearing and that his first counsel did not request copies of witness statements during that time. He said he did not receive discovery from his first counsel other than an affidavit of arrest and some photographs.

The petitioner testified that he told both his attorneys that he received the victim's checks from Dion Boyd but that neither followed through with his request that they contact Mr. Boyd. He said neither attorney communicated a plea offer to him, although he said he did see something about a plea offer on a piece of paper given to him by his first attorney. He said that he told his trial counsel that he would consider a plea offer from the state, that he asked counsel about a plea offer the day of trial, and that counsel told him there were no offers. He said he met with trial counsel about five or six times over the course of a year. He said he did not ask counsel to get an investigator, although he did ask him to locate Dion Boyd. He said he also thought counsel should have moved to sever the forgery charges from the other charges. He complained that counsel did not prepare him to testify, although he did not know whether he wanted to testify or not. He said his second trial counsel did not investigate the case "to the fullest" and that the "whole representation of [his] trial was inefficient." On cross-examination, the petitioner acknowledged that the trial lasted about three or four days and that the record reflected that nine state witnesses testified and that witnesses testified on the petitioner's behalf. He said trial counsel informed him of his right to appeal and that he did appeal, with trial counsel representing him on appeal.

The trial court denied post-conviction relief, finding that the petitioner failed to prove that either trial counsel was ineffective. On appeal, the petitioner cites several failures of counsel which he argues amount to the ineffective assistance of counsel. The state counters that the petitioner has failed to prove that he is entitled to post-conviction relief.

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457. Post-conviction relief may only be given if a conviction or sentence is void or voidable because of a violation of a constitutional right. T.C.A. § 40-30-103.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838,

842-44 (1993). A petitioner will only prevail on a claim of ineffective assistance of counsel after satisfying both prongs of the Strickland test. See Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997). The performance prong requires a petitioner raising a claim of ineffectiveness to show that the counsel's representation fell below an objective standard of reasonableness or "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. The prejudice prong requires a petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., 104 S. Ct. at 2068. Failure to satisfy either prong results in the denial of relief. Id. at 697, 104 S. Ct. at 2069.

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974), and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. "Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance." Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); see DeCoster, 487 F.2d at 1201.

The petitioner raises several complaints about the representation he received from his trial counsel. These include that his first attorney failed to move to suppress the photographic identification of the petitioner, that she failed to request witness statements to prepare for cross-examination, that both counsel "failed to expend an adequate amount of time preparing" the petitioner's case, that neither counsel discussed settlement options with him, that his trial counsel did not employ expert investigative services and thus failed to locate defense witnesses, that trial counsel did not request a continuance to have time to adequately prepare his case, that trial counsel failed to move for the offenses to be severed, that the petitioner was not properly advised of his right to testify, and that the petitioner's trial counsel failed to secure adequate jury instructions. The petitioner argues that the "cumulative effect of these errors . . . illustrates prior [counsel's] ineptitude."

We conclude there is no merit to the petitioner's arguments. The petitioner's litany of his counsel's alleged deficiencies does not adequately demonstrate that he received the ineffective assistance of counsel. We note that many of the petitioner's complaints contradict the proof in the record. For instance, his first attorney did file a motion to suppress the photographic identification, and although she did not formally request witness statements pursuant to Tennessee Rule of Criminal Procedure 26.2, she did view witness statements and other material in the state's file and was

prepared to cross-examine witnesses. Furthermore, trial counsel testified that he did communicate a plea offer to the petitioner, and he did secure a year-long continuance of the case after he was retained. Regarding the petitioner's additional complaints, the petitioner has not shown any prejudice that resulted from counsel's alleged failures to expend more time on his case, employ investigative services, move to sever his charges, discuss his testifying, and request jury instructions. In short, the petitioner fails on all his claims because he has not shown that his counsel were deficient or that the result of his case would have been different but for the alleged failings of counsel. The petitioner is not entitled to post-conviction relief.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court denying the petition for post-conviction relief.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE