IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 6, 2007

## MAURICE SHAW v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Tipton County**
**No. 4692 & 4863    Joseph H. Walker, III, Judge**

_____

**No. W2007-00686-CCA-R3-PC  - Filed May 6, 2008**

_____

Petitioner was convicted by a jury of one count of possession of cocaine over 0.5 grams with intent to deliver and one count of delivery of over 0.5 grams of cocaine.  The trial court sentenced Petitioner to eleven years on each count to be served concurrently.  Petitioner appealed his convictions and sentences to this Court, and we affirmed the judgments of the trial court. *State v. Maurice Shaw*, No. W2005-02097-CCA-R3-CD, 2006 WL 3085503 *1-3 (Tenn. Crim. App., at Jackson, Oct. 21, 2006), *perm. app. denied* (Tenn. Jan. 9, 2007).  Petitioner timely filed a petition for post-conviction relief.  The trial court denied the petition, and the instant appeal followed.  After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and J.C. McLIN, J.J., joined.

Tracy A. Brewer-Walker, Ripley, Tennessee, for the appellant, Maurice Shaw.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Smith, Assistant Attorney General; Mike Dunavant, District Attorney General; and James Walter Freeland, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On appeal, Petitioner alleges ineffective assistance of his trial counsel.  Petitioner contends that his trial counsel did not properly develop a defense strategy, did not contest the admission of an audiotape recording of the drug transaction, and did not investigate the background of the confidential informants.

**I. Background**

We summarized the facts in Petitioner's first appeal as follows:

The evidence at trial showed that officers of the Tipton County Sheriff's Office had employed a confidential informant to make drug purchases in the county. On March 29, 2003, the informant was given $100 in $20 denominations, which had been photocopied. The informant was also equipped with a wire transmitter, enabling officers to listen and record the informant's conversations. After hearing an apparent drug sale from the defendant to the informant, a stop was made of the vehicle driven by the defendant. The stop was conducted by Deputy Mike Rose and assisted by Constable Nick McDivitt. Other occupants in the vehicle with the defendant were Angela Wakefield, who was seated in the passenger seat, and two black males in the rear seat. Deputy Rose found a matchbox on the defendant and placed it on the car hood. Both Angela Wakefield and Constable McDivitt witnessed the defendant drop the matchbox to the ground, and Constable McDivitt stated that the defendant began kicking at the matchbox. Later physical examination and Tennessee Bureau of Investigation (TBI) lab analysis showed that the matchbox contained 3.7 grams of cocaine in rock form. Deputy Rose testified that the informant gave him three small rocks of cocaine received in her purchase from the defendant. These also were subjected to TBI lab analysis, and the finding was that the rocks were 1.1 gram of cocaine.

Angela Wakefield testified that the defendant was driving her car at the time of the arrest. Ms. Wakefield witnessed the informant paying the defendant and receiving drugs in return. She stated that when the officers initiated the stop, the defendant threw the informant's purchase money, three $20 bills, in her lap along with some foil and marijuana. The three $20 bills recovered from Ms. Wakefield matched the photocopied bills. During a later search of the defendant, a set of scales, with metric measurement in grams, was found in his pocket along with $268 in currency.

The defendant, after voir dire, chose not to testify and presented no proof. Based on the above evidence, the jury returned guilty verdicts on both counts of the consolidated indictments.

*Shaw*, 2006 WL 3085503 at *1.

## II. Analysis

This court reviews a claim of ineffective assistance of counsel under the standards of *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975), and *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996); *Butler v. State*, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. *Goad*, 938 S.W.2d

at 370. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

The test in Tennessee to determine whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. *Baxter*, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *State v. Honeycutt*, 54 S.W.3d 762, 769 (Tenn. 2001). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Honeycutt*, 54 S.W.3d at 768. The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997); *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982).

In *Baxter*, 523 S.W.2d at 936, our Supreme Court established that the services rendered should be within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in *Beasley v. United States*, 491 F.2d 687 (6th Cir. 1974), and *United States v. DeCoster*, 487 F.2d 1197 (D.C. Cir. 1973). *Id*. In *Beasley*, the court stated:

> [T]he assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance. It is a violation of this standard for defense counsel to deprive a criminal defendant of a substantial defense by his own ineffectiveness or incompetence. . . . Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations. . . . Defense counsel must investigate all apparently substantial defenses available to the defendant and must assert them in a proper and timely manner.

491 F.2d at 696 (citations omitted). In *DeCoster*, the court stated:

In General--Counsel should be guided by the American Bar Association Standards for the Defense Function. They represent the legal profession's own articulation of guidelines for the defense of criminal cases.

Specifically--(1) Counsel should confer with his client without delay and as often as necessary to elicit matters of defense, or to ascertain that potential defenses are unavailable. Counsel should discuss fully potential strategies and tactical choices with his client.

(2) Counsel should promptly advise his client of his rights and take all actions necessary to preserve them. . . . Counsel should also be concerned with the accused's right to be released from custody pending trial, and be prepared, where appropriate, to make motions for a pre-trial psychiatric examination or for the suppression of evidence.

(3) Counsel must conduct appropriate investigations, both factual and legal, to determine what matters of defense can be developed. The Supreme Court has noted that the adversary system requires that "all available defenses are raised" so that the government is put to its proof. This means that in most cases a defense attorney, or his agent, should interview not only his own witnesses but also those that the government intends to call, when they are accessible. The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities. And, of course, the duty to investigate also requires adequate legal research.

487 F.2d at 1203-04.

The trial court's findings of fact are afforded the weight of a jury verdict, and this court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. *Henley*, 960 S.W.2d at 578; *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. *Honeycutt*, 54 S.W.3d at 766. Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). The burden of establishing that the evidence preponderates otherwise is on petitioner. *Henley*, 960 S.W.2d at 579.

In the instant case, Petitioner contends that his trial counsel was ineffective because he failed to develop a trial strategy. Trial counsel testified at the post-conviction hearing that Petitioner felt his best defense was that the cocaine was not his because it was not found on his person. Trial counsel stated that he followed his client's wishes and developed the defense based on that theory. Trial counsel testified that he investigated the officers who arrested Petitioner and who would testified against him at trial. Trial counsel also testified that he met with Petitioner between four and six times before the trial began. Trial counsel stated that he considered subpoenaing the other

passengers in the car, but did not believe that it would be in Petitioner's best interest to do so because then they would be subjected to cross-examination. The fact that the defense proved unsuccessful is insufficient to establish ineffective assistance of counsel. *Hellard*, 629 S.W.2d at 9. Accordingly, Petitioner is not entitled to relief on this ground.

Petitioner also argues that trial counsel should have attacked the chain of custody and authenticity of the audiotape played at trial. Counsel testified that he did not do this because he did not believe that he would be successful. Trial counsel stated that he did not have the audiotape analyzed for voice identification because the tape was of such poor quality. Trial counsel also mentioned that he knew Petitioner did not have the funds to finance such a test and thought it would be a waste of Petitioner's resources because of the poor quality. Both of these decisions were tactical ones made to further Petitioner's theory of the case. *Id*. Therefore, Petitioner is not entitled to relief on this issue.

Lastly, Petitioner contends that his trial counsel was ineffective because he did not investigate the backgrounds of the confidential informants. Trial counsel testified that he did not investigate the confidential informant because he saw no beneficial reason to do so. Counsel further testified that he effectively cross-examined the confidential informant and found no reason to believe that she had a criminal history. Also, Petitioner has not presented this Court with any information as to a criminal history or other impeaching evidence that should have been discovered. *See generally Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. In addition, Petitioner did not have the audiotape analyzed for the post-conviction hearing in order to show prejudice by trial counsel's failure to have the tape analyzed for trial. Further, Petitioner did not submit proof that a challenge to the chain of custody of the audiotape would have been fruitful. Accordingly, Petitioner is not entitled to relief.

In each of Petitioner's contentions, the trial court accredited counsel's testimony. We see no reason to disturb the judgment. Counsel developed a defense strategy based on what Petitioner wanted, investigated and cross examined witnesses, and made appropriate tactical decisions. Trial counsel's assistance was neither deficient nor prejudicial.

## CONCLUSION

For the foregoing reasons, we conclude that trial counsel did not render ineffective assistance of counsel; therefore, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE